# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JENNY MUNOZ-GUZMAN,

                Plaintiff,

v.                                           Case No:   6:14-cv-476-Orl-31GJK

WALGREEN, CO.,

                Defendant.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 6)** |
| **FILED:** | **March 24, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On October 15, 2013, Plaintiff filed a complaint (the "Complaint") in the Seventh Judicial Circuit Court in and for Volusia County, Florida against Defendant alleging negligence based on a slip and fall accident that occurred on Defendant's property on or about August 13, 2012.   Doc. No. 3. On March 24, 2014, Defendant removed the action to this Court on the basis of diversity jurisdiction.   Doc. No. 1.   Prior removal, Defendant filed its answer and affirmative defenses. Doc. No. 5.   In it, Defendant raises the following affirmative defense (the "Affirmative Defense"):

      This Defendant affirmatively states that the damages sustained by the Plaintiff resulted from the negligence of a third party and this

> Defendant is entitled to have all damages apportioned amongst any and all persons or entities responsible pursuant to Florida Statute § 768.81.   This Defendant adopts the allegations contained in the Plaintiff's Complaint without admitting the truthfulness or accuracy of same.   At the time and place alleged in the Plaintiff's Complaint, an unidentified customer was negligent by causing the liquid to accumulate on the floor and by failing to report the liquid to a Walgreen employee.   The negligence of this unidentified customer caused or contributed to the injuries being claimed by the Plaintiff in this lawsuit.

Doc. No. 5 at ¶ 7.   Thus, pursuant to § 768.81(3), Florida Statutes, Defendant asserts an affirmative defense of comparative fault based upon the actions of an unidentified customer, who Defendant alleges caused a liquid to accumulate on the floor of Defendant's store, failed to report it to one of Defendant's employees, and which contributed or caused Plaintiff's injuries.   *Id.*

Prior to removal, Plaintiff filed a motion (the "Motion") in state court to strike Defendant's Affirmative Defense.   Doc. No. 6.   In the Motion, Plaintiff argues that the Affirmative Defense should be stricken or, in the alternative, Defendant should be required to amend the Affirmative Defense because it fails to specifically identify the customer Defendant asserts is responsible for Plaintiff's injuries.   Doc. No. 6 (citing *Nash v. Wells Fargo Services, Inc*., 678 So. 2d 1262 (Fla. 1996)).   On March 25, 2014, Defendant filed a response in this Court (the "Response").   Doc. No. 9.   In it, Defendant argues that the Affirmative Defense complies with § 768.81(3)(a), Florida Statutes, because the identity of the customer at issue is not known, Defendant has a video of the incident and the customer, which it has provided to Plaintiff, and its answer to one of Plaintiff's interrogatories provides a more detailed physical description of the customer.   Doc. No. 9 at 2-4. Thus, Defendant requests that the Court deny the Motion.   Doc. No. 9 at 4.

The undersigned finds that the Motion should be granted to the limited extent that Defendant be required to amend the Affirmative Defense to provide a more detailed description of the unidentified customer.   Section 768.81(3)(a), Florida Statutes, provides:

> In order to allocate any or all fault to a nonparty, a defendant must affirmatively plead the fault of a non-party and, absent a showing of good cause, identify the nonparty, if known, <u>or describe the nonparty as specifically as practicable</u>, either by motion or in the initial responsive pleading when defenses are first presented, subject to amendment any time before trial. . . .

*Id*.   Thus, Section 768.81(3)(a), Florida Statutes, requires a defendant to "describe the nonparty as specifically as practicable," if their identity is not known.   *Id*.   While the Affirmative Defense describes the nonparty's actions, it fails to contain any description of him.   Doc. No. 5 at ¶ 7.   In the Response, Defendant indicates that it is in possession of a video of the nonparty and that he is a white male.   Doc. No. 9 at 3.   Based on that information, it is clear that the Affirmative Defense does not "describe the nonparty as specifically as practicable."   § 768.81(3)(a), Fla. Stat.   Thus, while Plaintiff has been provided with this information by other means, Defendant should amend its Affirmative Defense to comply with Section 768.81(3)(a).

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT in part and DENY in part** the Motion as follows:

1. Direct Defendant to file an amended Affirmative Defense within fourteen (14) days that complies with Section 768.81(3)(a), Florida Statutes; and

2. Otherwise, **DENY** the Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 18, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy